EDWARDS, Judge.
Plaintiffs brought this suit to be recognized as the owners of an undivided one-fourth (Vi) interest in certain real estate. The trial court rendered judgment for plaintiffs and the defendants have appealed.
An examination of the record discloses the following facts.
The property in question, located in Washington Parish, Louisiana, was originally owned by Charley Bickham and Victoria Brumfield Bickham who had four (4) children: Alberta Bickham, Ophelia Bickham, Lucious Bickham and Angus Bickham.
Victoria Bickham died first, then Angus Bickham died survived by three children, who are the plaintiffs in this case; and then Charley Bickham died. The Successions of Charley and Victoria Bickham were opened on February 25,1944, and their three living children were placed in possession of the disputed property. The children of Angus Bickham, the pre-deceased child, were omitted from the succession.
On January 19,1945, the three children of Charley and Victoria Bickham sold the disputed property to William Brumfield, Sr., defendants’ ancestor. At the time of this sale, it was realized that the children of Angus had an interest in the property, as the following clause was included in the deed:
“Vendors further declared ... it has been made known that there are surviving children of a predeceased brother, Angus Bickham, and that said children of the said Angus Bickham, also own an interest in said property.”
Therefore Mr. Brumfield, the vendee, was clearly aware of the outstanding interest in the property.
On May 19, 1968, the succession of William Brumfield, Sr., was opened and his children, the defendants, were placed in possession of the disputed property. The property was subsequently partitioned among the defendants.
On January 19, 1973, plaintiffs instituted the present suit for recognition of their ownership of an undivided one-fourth interest in the disputed property. The Trial Court found that the plaintiffs were entitled to the Vith interest in the disputed property by way of representation of their deceased father, Angus.
The defendants have appealed contending that there has not been sufficient proof introduced to establish plaintiffs’ title to the property, and that the trial court erred in refusing their plea of acquisitive prescription.
LSA-C.C.P. art. 3653 provides in pertinent part;
*1211 “To obtain a judgment recognizing his ownership of the immovable property or real right, the plaintiff in a petitory action shall:
(1)Make out his title thereto, if the court finds that the defendant is in possession thereof . . . ”
In the instant case, the plaintiffs proved their “title” to the property through proof of their heritage.
Mrs. Ophelia Bickham Amacker, testified that Angus Bickham was her brother and that their parents were Charley and Victoria Bickham. Two of the defendants also testified that Angus Bickham was a child of Charley and Victoria Bickham. Additionally, plaintiffs introduced the application which Angus Bickham filed for a marriage license. There he clearly stated that he was the son of Charley and Victoria Bickham. We believe that this evidence is sufficient to prove that Angus Bickham was the child of Charley and Victoria Bickham.
In order to show that they are the children of Angus Bickham, plaintiffs introduced the marriage license issued to Angus Bickham and Florence Thomas, the birth certificate of one of the plaintiffs, Norman Joseph Bickham, and the testimony of Mrs. Ivy Bickham Christoph and Mrs. Ophelia Bickham Amacker.
The birth certificate of Norman Bickham, clearly states that his father was Angus Bickham. The birth certificates for the other two plaintiffs could not be located, but Mrs. Ivy Christoph testified that Angus Bickham was her father and that she is the sister of Norman Bickham and Roberta Bickham. Additionally Mrs. Ophelia Amacker, Angus’ sister, testified that the plaintiffs are known to her as children of Angus Bickham. We agree with the trial court that this evidence amply establishes that the plaintiffs are the children of Angus Bickham.
The trial court concluded that this was sufficient for the plaintiffs to establish their title to the disputed property. We agree.
Additionally, the defendants contend that the present action is defeated by either the ten-year acquisitive prescription or the thirty-year acquisitive prescription applicable to immovable property.
We find that the defendants cannot claim the ten-year acquisitive prescription since the deed whereby William Brumfield, Sr., purchased the property, and through which the defendants claim the property, contained a recognition and reservation of the interest of Angus Bickham in the property. This deed in no way attempted to transfer Angus Bickham’s interest in the property. Therefore, the defendants lack the essential elements of good faith and a title sufficient to transfer the property, necessary for the ten-year acquisitive prescription to apply. LSA-C.C. articles 3478 and 3479. Cf. Dinwiddie v. Cox, 9 So.2d 68 (La.App. 2nd Cir. 1942).
Also we find that the defendants have not fulfilled the requirements of the thirty-year acquisitive prescription since the present suit interrupted the running of prescription before the defendants had attained the necessary thirty years possession.[1] LSA-C.C. art. 3499.
Therefore, we find that the trial court properly overruled defendants’ peremptory exception of prescription.
For the reasons assigned, the judgment of the trial court is affirmed at appellants cost.
AFFIRMED.

. The defendants’ possession began in January 1945, when William Brumfield, Sr., acquired the property. This suit was filed on January 19, 1973. Consequently, prescription was interrupted before the defendants had had thirty years possession.